UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------X
DONNA L. MCAULIFFE,

                    Plaintiff,             10 Civ. 8721 (JSR)

   -against-

LEONARD POMPOSELLO, JR. and
ALEXANDER RUBINO, sued individually

                    Defendants.
----------------------------------------------------------X

# PLAINTIFF'S REQUESTS TO CHARGE

Ira M. Maurer, Esq.
The Maurer Law Firm, PLLC
300 Westage Business Center Drive
Suite 360
Fishkill, N.Y. 12524
(845) 896-5295

1

**Request #1**

## Nature of the action

Plaintiff Donna McAuliffe claims damages alleged to have been sustained as the result of a deprivation, under color of state law, of a right secured to plaintiff by the Fourth Amendment of the United States Constitution and by a federal statute protecting the civil rights of all persons within the United States.

Specifically, plaintiff Donna McAuliffe alleges that defendant detective subjected plaintiff to deprivation of rights and privileges secured and protected by the Constitution and laws of the United States, namely the right to be free of unreasonable seizure by detaining her without justification on the evening of October 15, 2008.

Defendant Leonard Pomposello, Jr. denies that any of his actions during the time in question violated plaintiff's constitutional rights. Defendant Pomposello claims that he was not acting under color of state law and did not seize the plaintiff.

---

FED-JI § 165.01, 3B Fed. Jury Prac. & Instr. § 165.01 (5th ed.)

**Request #2**

## Generally

In order to prove plaintiff's claim, the burden is upon plaintiff Donna McAuliffe to establish by a preponderance of the evidence each of the following elements:

First: That defendant Detective Leonard Pomposello, Jr. performed acts that operated to deprive plaintiff of one or more of plaintiff's federal Constitutional rights, as defined and explained in these instructions, by seizing plaintiff without probable cause;

Second: That defendant Detective Leonard Pomposello, Jr. then and there acted under the color of state law; and

Third: That defendant Detective Leonard Pomposello, Jr.'s acts were the proximate cause of damages sustained by plaintiff Donna McAuliffe.

---

FED-JI § 165.20, 3B Fed. Jury Prac. & Instr. (5th ed.)
§ 165.20. Generally

**Request #3**

## Unlawful Seizure

Plaintiff claims to have been unlawfully seized. The United States Constitution provides that no person may be seized without due process of law. This means that a person may not be seized without probable cause. A police officer must have information that would lead a reasonable person possessing the same official expertise as the officer to conclude that the person being arrested committed or is about to commit a crime. Before you can determine whether plaintiff Donna McAuliffe was deprived by the defendant Detective Leonard Pomposello, Jr. of plaintiff's liberty "without due process of law," you must determine from a preponderance of the evidence in the case:

First: Whether defendant Detective Pomposello committed the acts alleged; and if so,

Second: Whether defendant Pomposello acted under circumstances within or without the bounds of his lawful authority under state law.

If defendant Detective Pomposello acted within the limits of his lawful authority under state law, then defendant Pomposello could not have deprived plaintiff Donna McAuliffe of any right "without due process of law."

Under the law of the State of New York, police officers may not seize and detain a person without an arrest warrant unless they have probable cause to believe that a crime has been committed and that the person in question has committed that crime. Probable cause exists if the facts and circumstances known to the officer and of which the officer had reasonable, trustworthy information are sufficient to warrant a prudent person in believing that the suspect has committed a crime.

Under the law of the State of New York, a police officer has the right to seize and detain a person without a warrant whenever the officer reasonably believes that such person has committed a misdemeanor offense in the presence of the officer.

In determining whether defendant Detective Pomposello had reasonable grounds to believe that Plaintiff Donna McAuliffe has committed an offense, the facts known to defendant police officers need not meet the standard of conclusiveness upon which a conviction must be based. Rather, the actions of defendant Pomposello in seizing and detaining plaintiff are to be measured by the test of what a reasonable person would have believed under the same circumstances.

---

FED-JI § 165.21, 3B Fed. Jury Prac. & Instr. § 165.21 (5th ed.)
§ 165.21. Unlawful arrest

**Request #4**

### When official status not required

   Defendant Pomposello claims to have been off duty and not to have acted under color of state law.  However, if you find from the preponderance of the evidence, that plaintiff Donna McAuliffe has established the essential elements of plaintiff's claim as defined in these instructions, and that defendant Pomposello was a willing participant assisting the state or its agent in the doing of the acts constituting the offense, then defendant Pomposello is liable even though defendant was off duty at the time of the incident in question.

---

FED-JI § 165.27, 3B Fed. Jury Prac. & Instr. § 165.27 (5th ed.)
§ 165.27. When official status not required

**Request #5**

## Under Color of State Law

Acts are done "under color of … law" of a state, not only when state officials act within the bounds or limits of their lawful authority, but also when such officers act without and beyond the bounds of their lawful authority. The phrase "under color of state law," includes acts done under color of any state law, or county or municipal ordinance, or any regulation issued thereunder, or any state or local custom.

In order for unlawful acts of an official to be done "under color of any law," the unlawful acts must be done while the official is purporting or pretending to act in the performance of the official's official duties. The unlawful acts must consist of an abuse or misuse of power possessed by the official only because the person is an official. The unlawful acts must be of such a nature, and be committed under such circumstances, that they would not have occurred but for the fact that the person committing them was an official, purporting to exercise official powers.

The federal statute that defendant Pomposello is alleged to have violated covers not only acts done by an official under color of any state law, but also acts done by an official under color of any ordinance or regulation of any county or municipality of the state, as well as acts done by an official under color of any regulation issued by any state, or county, or municipal official, and even acts done by an official under color of some state or local custom.

FED-JI § 165.40, 3B Fed. Jury Prac. & Instr. § 165.40 (5th ed.)
§ 165.40. Under color of state law

**Request #6**

## Compensatory Damages

If you find for plaintiff Donna McAuliffe, you must determine plaintiff's damages. Plaintiff has the burden of proving damages by a preponderance of the evidence. Damages means the amount of money that will reasonably and fairly compensate plaintiff for the deprivation of civil rights legally caused by defendant Pomposello. Damages may not be based on speculation or sympathy. They must be based on the evidence presented at trial and only that evidence.

You should consider the following elements of damage to the extent you find them proved by a preponderance of the evidence, and no others:

1. The reasonable cost of plaintiff's medical care.
2. Plaintiff's physical or emotional pain and mental anguish.
3. The amount of wages lost by plaintiff.

---

FED-JI § 165.70, 3B Fed. Jury Prac. & Instr. § 165.70 (5th ed.)
§ 165.70. Compensatory damages



Dated:  November 11, 2011
        Fishkill, New York

                                    FOR THE PLAINTIFF

                                    BY  /s/ Maurer
                                    Ira M. Maurer, Esq.   IM-0337
                                    THE MAURER LAW FIRM, PLLC
                                    300 Westage Business Center Drive, Ste.360
                                    Fishkill, New York 12524
                                    (845) 896-5295

To:
Steve S. Efron, Esq.
237 West 35th Street
Suite 1502
New York, New York 10001

7

<u>Certificate of Service</u>

This is to certify that a copy of the foregoing was mailed to:

Steve S. Efron, Esq.
237 West 35th Street
Suite 1502
New York, New York 10001

November 11, 2011

_____