UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
DONNA L. MCAULIFFE,

                    Plaintiff,            10 Civ. 8721 (JSR)

    -against-

LEONARD POMPOSELLO, JR. and
ALEXANDER RUBINO, sued individually

                    Defendants.
-----------------------------------------------------------X

# PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION IN LIMINE

Ira M. Maurer, Esq.
The Maurer Law Firm, PLLC
300 Westage Business Center Drive
Suite 360
Fishkill, N.Y. 12524
(845) 896-5295

1

Point I

## MTA POLICE CHIEF MICHAEL COAN'S TESTIMONY IS RELEVANT EVIDENCE AND ADMISSIBLE UNDER FRE RULES 402 AND 403

FRE Rule 402 states that:

> All relevant evidence is admissible, except as otherwise provided by the Constitution of the United States, by act of Congress, by these rules, or by other rules prescribed by the Supreme Court pursuant to statutory authority. Evidence which is not relevant is not admissible.

FRE Rule 403 states that:

> Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

MTA Police Chief Michael Coan's testimony is relevant evidence of the standards and procedures of the MTA Police Department of which Defendant Detective Pomposello is a member. While Chief Coan was not authorized to make an admission on behalf of the defendant, Chief Coan is supremely qualified to testify as a fact witness regarding his department's standards and procedures that applied to Defendant. Pomposello on October 15, 2008. Chief Coan testified at page 10 lines 7-18, that when he commenced employment with the MTA as Chief of the Police Department, he had "overall operational and administrative duties for the Police Department" and was generally aware of the MTA Police Department's rules, regulations and procedures.

Chief Coan's testimony on behalf of the MTA Police Department will be relevant on several issues including, inter alia, the standards applicable to the conduct of off-duty members of his department and the procedures in effect on October 15, 2008 for

members of the general public to obtain assistance from the MTA police Department. While his opinion testimony and the taped statement from Chief Coan may not be admissible under any exception to the hearsay rule, same may be used for impeachment purposes.

Dated: November 11, 2011
       Fishkill, New York

                                   FOR THE PLAINTIFF

                                   BY _____
                                      Ira M. Maurer, Esq.   IM-0337
                                 THE MAURER LAW FIRM, PLLC
                                 300 Westage Business Center Drive, Ste.360
                                 Fishkill, New York 12524
                                 (845) 896-5295

To:
Steve S. Efron, Esq.
237 West 35th Street
Suite 1502
New York, New York 10001

## Certificate of Service

This is to certify that a copy of the foregoing was mailed to:

Steve S. Efron, Esq.
237 West 35th Street
Suite 1502
New York, New York 10001

November 11, 2011

_____